# W. E. CALDWELL CO. v. JOHN WILLIAMS-TAYLOR CO. *et al.*

No. 4724.   Opinion Filed July 6, 1915.

Rehearing Denied July 27, 1915.

(150 Pac. 698.)

1. **MECHANICS' LIENS—Materialman—Right to Lien.** A material-man, furnishing material under contract with the contractor, who has contracted with the owner of land to erect a building thereon, which material is used in the erection of such building, may, with-in 60 days after the date upon which such material was last fur-nished, obtain a lien upon such land and building by filing a veri-fied statement with the clerk of the district court of the county in which the land is situated, as provided by section 6153, Comp. Laws 1909 (section 3864, Rev. Laws 1910), and giving written notice thereof to the owner of such land of the filing of such state-ment.

2. **SAME—Submaterialman's Lien—Payment to Contractor—Effect.** Where the owner of land upon which a submaterialman's lien may be imposed for the collection of an amount due for material fur-nished by a subcontractor under a contract with the contractor, who contracted with said owner for the erection of such building, pays such original contractor for the furnishing of material and building said building, prior to the expiration of 60 days after the date upon which such material was last furnished, "the risk of such payment is upon the owner"; and, notwithstanding pay-ment is made by such owner of the entire amount contracted to be paid such original contractor, prior to the expiration of said 60 days, such payment will not defeat such lien of such subcontract-ing materialman, provided "that the owner of any land affected by such lien shall not thereby become liable to any claimant for any greater amount than he contracted to pay to the original contractor."

(Syllabus by Collier, C.)

*Error from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

Action by the W. E. Caldwell Company, a corpora-tion, against the John Williams-Taylor Company, a cor-poration, and another.  Judgment for defendants, and

plaintiff brings error. Reversed and remanded, with directions to render judgment for plaintiff.

This was a suit to foreclose a subcontracting materialman's lien, commenced by plaintiff in error, W. E. Caldwell Company, a corporation, hereinafter called plaintiff, against John Williams-Taylor Company, a corporation, the original contractor, and the Snyder Cotton Oil Company, a corporation, the owner, defendants in error, hereinafter called defendants, to recover for certain "tanks and towers" furnished by plaintiff to the John Williams-Taylor Company, who had contracted to erect and construct for the Snyder Cotton Oil Company certain buildings and install machinery for a cotton oil plant, upon the lands described in the petition. The case was tried to the court upon an agreed statement of facts, which said agreed facts, so far as are necessary to consider in reviewing this case, are:

"That W. E. Caldwell Company is a corporation. * * * That the Snyder Cotton Oil Company is a corporation, * * * with its principal office at Snyder, Okla., and that on the 18th day of February, 1908, and at all times subsequent thereto, the said Snyder Cotton Oil Company was the owner of lots Nos. 2, 3, 4, 5, 6, 11, and 14 in block 41, and lots Nos. 1 to 12 in block 42, and lots Nos. 1 to 12 in block No. 43, and lots Nos. 1, 2, 3, and 14 in block No. 44, in the town of Snyder, Kiowa county, State of Oklahoma, and that prior to said time the Snyder Cotton Oil Company had contracted with the John Williams-Taylor Company, a corporation, of Dallas, Tex., that the said John Williams-Taylor Company would erect for the said Snyder Cotton Oil Company a cotton seed mill, together with all the fixtures and complements thereto, and that on said day and date the said John Williams-Taylor Company were engaged in the erection of said cotton oil mill on the lots aforesaid. That the

specifications for the building of said cotton seed oil mill included the erection of two water tanks and towers on said premises. That on the 18th day of September, 1908, the W. E. Caldwell Company proposed to furnish said tanks and towers, and that on the 29th day of September, 1908, the said John Williams-Taylor Company accepted the offer aforesaid in writing. * * * That said tanks and towers were erected on the premises hereinbefore described and used in connection with said cotton seed oil mill, according to the original specifications of the contract entered into between the John Williams-Taylor Company and the Snyder Cotton Oil Company. That on the 21st day of December, 1908, the plaintiff W. E. Caldwell Company, by its agent, J. W. Hocker, notified the said Snyder Cotton Oil Company that on the 19th day of December, 1908, it had filed with the clerk of the district court of Kiowa county, State of Oklahoma, a mechanic's lien, which said notice had attached thereto a statement of said lien, and on said 21st day of December, 1908, the said Snyder Cotton Oil Company acknowledged service of said notice and statement of lien, by and through its president, W. M. Hayes. * * * That on the 19th day of December, 1908, the said W. E. Caldwell Company caused to be filed with the clerk of the district court of Kiowa county, State of Oklahoma, a statement and affidavit of mechanic's lien. * * * That the tanks and towers so delivered at Snyder, Okla., were of the reasonable value of $848.10. That the contract between the defendant the Snyder Cotton Oil Company and the defendant John Williams-Taylor Company for the erection of said cotton oil company's buildings, including the tanks and towers aforesaid, to be used for fire protection, and as a part of the said building, amounted to about the sum of $9,000. That the Snyder Cotton Oil Company from time to time advanced moneys to the said John Williams-Taylor Company in a sum equal to $9,000, and when the Snyder Cotton Oil Company declined to advance further moneys on said contract for building, the said

John Williams-Taylor Company abandoned their said contract. * * *"

The court found for the defeadnts, and judgment was rendered, denying the plaintiff a right to the lien claimed. Plaintiff filed a motion for new trial, which the court overruled, to which action of the court plaintiff duly excepted. This appeal is prosecuted to reverse said judgment rendered in favor of defendants.

*J. W. Hocker,* for plaintiff in error.

*McAdams & Halsell,* for defendants in error.

Opinion by COLLIER, C. (after stating the facts as above). Plaintiff in his brief admits that there is but one question involved in this case, and this is not contradicted by the defendants, and that question is whether or not a subcontractor, furnishing material actually used in the construction of a building, has a lien, when he gave the statutory notice of filing his lien within 60 days of the time he furnished the material, in a case where the contractor abandoned his contract, after he had been paid the full contract price, prior to the expiration of 60 days.

The statute under which the lien of the said subcontracting materialman is claimed is found in section 6153, Comp. Laws 1909 (section 3864, Rev. Laws 1910), which reads in part as follows:

"Any person who shall furnish any such material or perform such other labor under a subcontract with the contractor, or as an artisan or day-laborer in the employ of such contractor, may obtain a lien upon such land, or improvements, or both, from the same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material and labor; * * * by filing with the clerk of the district court of the county in which the land is situated, within

sixty days after the date upon which material was last furnished * * * under such subcontract, a statement, verified by affidavit, setting forth the amount due from the contractor to the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property upon which a lien is claimed; and by serving a notice in writing of the filing of such lien upon the owner of the land, or the improvements, or both. * * * Immediately upon the filing of such statement the clerk of the district court shall enter a record of the same in the docket provided for in section 6152, and in the manner therein specified; provided, further, that the owner of any land affected by such lien shall not thereby become liable to any claimant for any greater amount than he contracted to pay the original contractor. The risk of all payments made to the original contractor shall be upon such owner until the expiration of the sixty days herein specified, and no owner shall be liable to an action by such contractor until the expiration of said sixty days, and such owner may pay such subcontractor the amount due him from such contractor for such labor and material, and the amount so paid be held and deemed a payment of said amount to the original contractor."

The agreed evidence, showing that the amount contracted to be paid the contractor by the owner greatly exceeded the amount of the submaterialman's claim, and that the lien was filed by such submaterialman within 60 days after furnishing said "tanks and towers," and notice given to said Snyder Cotton Oil Company of the filing of said lien, and said tanks and towers having been used in the construction of the building described in the petition herein, with knowledge of the owner, the plaintiff fully complied with all the requirements of said section 6153 to entitle him to the lien claimed. Said section 6153 fully provides protection to the owner, by stay-

ing action by the contractor against the owner for 60 days, against having impressed upon his property liens of submaterialmen for material furnished in the erection of a building. That the defendant did not avail itself of such protection against loss, but paid the contractor prior to the expiration of the 60 days from the time the material was furnished, for the payment of which the lien is invoked, cannot be considered as defeating the lien. In *Eberle v. Drennan,* 40 Okla. 59, 136 Pac. 162, 51 L. R. A. (N. S.) 68, it is said:

"The provisions of the mechanics' lien law should be interpreted so as to carry out the object had in view by the Legislature in enacting it, namely, the security of the classes of persons named in the act, upon its provisions being in good faith substantially complied with on their part."

It therefore clearly appears that any payment made to the original contractor by the owner, prior to the expiration of 60 days, is paid at his own risk, and if, during said time a subcontracting materialman files his lien and gives notice to the owner, as is admitted in this case, the lien of such subcontracting materialman is a valid one upon the lands and buildings embraced in the original contract. That such subcontracting materialman has a direct lien upon the condition of filing same and giving notice to the owner, as was done in this case, to the extent of the contract price, is clearly provided by said section 6153.

Defendants cite only one case in support of their contention that under the facts in this case plaintiff was not entitled to the lien which it sought to impress upon the property of the Snyder Cotton Oil Company. Said case is *Christy v. Union Oil & Gas Co.,* 28 Okla. 324, 114

Pac. 740, but, after a careful reading and consideration of said case, we are unable to see how it in any wise supports said contention, or is at all in conflict with the views herein expressed.

The court erred in rendering the judgment rendered, and in denying the motion of plaintiff for a new trial.

It follows that this case should be reversed and remanded, with instructions to render judgment for the plaintiff, in accord with the views expressed in this opinion.

By the Court: It is so ordered.