## CRANE CO. v. NAYLOR et al.

No. 8335—Opinion Filed March 5, 1918.

Rehearing Denied May 21, 1918.

(172 Pac. 956.)

1. **Mechanics' Lien—Subcontractor's Lien—Statute.**

Under section 3864, Rev. Laws 1910, the theory upon which the lien of a subcontractor may be sustained is that his material or lien has benefited the owner's premises and if the lien statement is filed in the proper office within 60 days from the time the material is last furnished to the owner by the subcontractor, the statement is filed within the time authorized by statute.

2. **Sufficiency of Evidence.**

The evidence in this case examined, and it appearing that the material furnished by the subcontractor was delivered to the premises of the owner on December 3, 1917, and the lien statement was filed by the subcontractor within 60 days thereafter, the subcontractor is entitled to a lein upon said property to secure the payment of his claim.

(Syllabus by Hooker, C.)

Error from District Court, Pittsburg County; R. W. Higgins, Judge.

Action by the Crane Company against Sim Naylor and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded for new trial.

A. C. Markley, for defendant in error.

W. H. H. Clayton, Jr., and Gordon & McInnis, for defendants in error.

Opinion by HOOKER, C. The record shows that in the month of March, 1913, William Weaver, the owner of the real estate here, entered into a verbal contract with Liddell & Mann, by the terms of which they were to install three sections of an Ideal boiler, with trimmings and fixtures, and to furnish the labor and material therefor in a building located on said real estate, for which they were to receive the sum of $225, to be paid when the work was completed; that before the work was done Liddell retired from the partnership, and David Mann performed the contract with Weaver, and completed the same about the 7th of November, 1913; that about the 8th of October, 1913, the firm of Liddell & Mann ordered the materials which they were to furnish to William Weaver under said contract from Crane Company at the agreed price of $157, and the said Crane Company on the 16th day of October, 1913. shipped said materials, no freight allowance, to Liddell & Mann, and said materials arrived in McAlester on the 3d of November, 1913, at which time they were taken by David Mann from the freight depot and installed in their place on the William Weaver property. Crane Company, not receiving the purchase price, on the 27th day of December, 1913, duly executed and filed with the clerk of the district court of Pittsburg county its affidavit and itemized statement of its account and mechanic's lien statement containing the amount and value of said material, as provided by statute, for the purpose of establishing a lien upon said property to secure the payment of its indebtedness. It appears from the evidence that this material thus furnished by Crane Company to Liddell & Mann was ordered from the American Radiator Company, at Buffalo, N. Y., and that the same was consigned by the American Radiator Company to Liddell & Mann on the 16th day of October, 1913, and delivery made to the common carrier on that date, to be transported for Liddell & Mann as above stated.

It is contended by the plaintiff in error here that inasmuch as a delivery of this material was not made at McAlester until November 3, 1913, that its lien claim filed on December 27, 1913, was within the 60 days' time allowed a subcontractor by virtue of section 3864, Revised Laws 1910, and that said company is entitled to a lien upon said premises; while upon the contrary, it is claimed by the defendants in error that the material was furnished and delivered on the 16th of October, 1913, to Liddell & Mann by Crane Company, as on that date the same was delivered to a common carrier for transportation to said firm at McAlester, f. o. b. Buffalo, N. Y.. and that by virtue thereof the furnishing and delivery was completed upon said day, and that said Crane Company, under the statute aforesaid, was allowed only 60 days from that date in which to file a lien upon said property, and, not having done so, it is not entitled to recover in this action.

The question involved here is, When was the delivery of said material to be made by Crane Company to Liddell & Mann: The record is silent as to the terms of the contract between them as to where this delivery was to be made, but the material was to be used by Liddell & Mann at McAlester, Okla. Our statute (section 3864, Revised Laws 1910) provides that the lien statement must be filed within 60 days after the date upon which materials were last furnished or labor last performed. As stated, there is no conflict as to the date when the shipment was made by the American Radiator Company for Crane Company to Liddell & Mann at McAlester. Okla., which was on October 16. 1913, nor is there any dispute as to the date said material arrived at McAlester and was received by Liddell & Mann, which was November 3, 1913. Section 3864, Rev. Laws 1910. provides that:

"Any person who shall furnish any such material or perform such labor as a subcontractor, etc., may obtain a lien upon such land, or improvements, or both, from the same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material and labor. * * *"

So the question presented here is, When was this material furnished so as to entitle the subcontractor to a lien upon this property? In 18 R. C. L. 922, it is said:

"Even in those jurisdictions in which a lien may be acquired for material furnished though it has not actually been incorporated in the building. structure or improvement. it is generally held that the lien cannot attach in the absence of a delivery of the material upon the premises. or other act equivalent thereto, as notice to or an implied assent by the owner."

In Barker Lbr. Co. v. Marathon P. M. Co., 146 Wis. 16, 130 N. W. 867, 36 L. R. A. (N.S.) 877, the Supreme Court of Wisconsin said:

"But if the subcontractor delivers material to the principal contractor at the latter's place of business, which materials are neither incorporated into the structure, delivered upon the premises, nor placed under control of the owner of the structure, no lien arises, because the material cannot be said to have been furnished for, in, or about the erection of the structure."

The theory upon which the lien of subcontractors is sustained is that the subcontractor's material or labor has benefited the owner's premises, and the subcontractor could not possibly have any lien, unless his material or labor improved the owner's premises, so it would seem that a reasonable meaning of the statute would be that when the material is last furnished to the owner and not when last furnished to the contractor. In Smalley v. Gearing, 121 Mich. 190, 79 N. W. 1114, 80 N. W. 797, the Supreme Court of Michigan said:

"The other defendants are lien claimants, and the complainants, as well as the defendant owners, attack their respective claims upon several different grounds. Claim of Ashland Brownstone Company: It appears that in April, 1895, the company had a quantity of stone at the dock in the city of Detroit. It was sold to Gearing for this building for $1,841.88, and freight from the dock to Gearings' yard, to be delivered there. It was delivered thereon May 14th. Mr. Gearing stated that it was to be used in that building, and it was sold for that purpose. In June following, another quantity was sold for $787.85, and delivered at Gearing's yard. Notes were taken on these sales. The first stone sold was cut at Gearing's yard at his expense. On account of the delay in the building none of this stone was put into the building until after September 11, 1895. Between this date and October 1st, he took this stone, from time to time, to the building. Some of the stone was not put in until October 1st. The statement of lien was filed by the company November 9, 1895. It is claimed by complainants that, this claim not being filed until 5 months after the last stone was delivered at Gearing's yard, the lien cannot attach. It is also claimed that about 1,000 cubic feet of this stone never went into the building. The total amount of the claim of the company is $2,629.73. The court below disallowed the claim for the stone not put in the building, and allowed the balance at $1,949.73. The statute of 1891, by section 5, provides that 'verified statement or account shall be filed within sixty days from the date on which the last of the materials shall have been furnished or

the last of the labor shall have been performed by the person claiming the lien.' It is claimed by the stone company that the 60 days began to run from the date that the materials were delivered at the building. On the other hand, it is contended by complainants that the 60 days began to run from the time that the last of the materials were furnished by the stone company to Gearing at his yard June 8, 1895. This contention must be settled by the construction which is to be given to the language of the statute. The lien law was enacted for the benefit and protection of laborers and materialmen, and should be construed liberally. The verified statement of account must be filed within 60 days from the date on which the last of the materials shall have been furnished. We think the meaning of the statute is that the 60 days begin to run from the date when the last materials shall have been furnished to the owner or delivered at the building. The materialman furnishes the material to the owner through the contractor, the same as the laborer performs labor for the owner under the direction and authority of the contractor. The stone company, it is true, delivered the stone at the yard of Gearing; but it was delivered there at the request of Gearing, to be dressed and afterwards delivered at the building. Had Gearing filed a claim of lien for this material at the time it was filed by the stone company, no question could be raised as to the time. The claim of lien would have been filed in time. It was purchased for the very purpose of being put into this building. The claimant could not have filed a claim of lien for the materials until they were delivered to the owner of the building. In Wentworth v. Tubbs, 53 Minn. 388, 55 N. W. 543, it was held, under the statute of that state, that 'materials for a building are usually said to be furnished when they are delivered, on the premises on which they are to be used.' The court below was not in error in deducting from the claim the value of the stone not used in the building. The equity of a lien claim for labor or materials arises from the fact that the value of the property to which they have been applied has been increased. The language of the act giving the lien provides that 'every person, who shall as contractor, laborer or materialman perform any labor or furnish material to such original contractor or any subcontractor in carrying forward or completing such contract, shall have a lien therefor'."

Applying the rule announced to the facts in this case, it is apparent that the lien statement of the subcontractor was filed within 60 days from the time the material was furnished to the owners and the plaintiff in error is entitled to a lien upon said property to secure the payment of its indebtedness.

The judgment of the lower court is there-

fore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.