## MOBLEY v. LEEPER BROS. LBR. CO. et al.

No. 11036—Opinion Filed March 27, 1923.

(Syllabus.)

**1. Mechanics' Liens — Materialmen — Statutes.**

Sections 3862 and 3864, Rev. Laws 1910, create liens, among others, in favor of materialmen.

**2. Same—Contract With Owner.**

If the materialman makes a valid and enforceable contract with the realty owner, he is entitled to his lien in default of payment under section 3862, Rev. Laws 1910; and such valid and enforceable contract is the basis thereof.

**3. Same—Rights of Subcontractor.**

Section 3864, Rev. Laws 1910, supplements section 3862, Rev. Laws 1910, and extends the protection therein given, among others, to contractors, materialmen, etc., to subcontractors, etc., but the rights of the subcontractor are neither superior nor inferior to those of the contractor where the "sub" does or furnishes what the contractor agreed to furnish. The basis of the lien of each is a valid contract with the property owner.

**4. Same.**

When a valid and enforceable contract is entered into between the builder or contractor and the realty owner to furnish the material and build a house on the realty described, and the contractor has a materialman furnish the material to do the job, the materialman has a lien under section 3864 to the same extent as would the contractor have had under section 3862, had he furnished the same.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by Leeper Bros. Lumber Company against E. C. Mobley and another for price of material and to enforce materialman's lien. Judgment for plaintiff, and defendant named brings error. Affirmed.

R. Brett and J. H. Mathers, for plaintiff in error.

Johnson & McGill, for defendants in error.

BRANSON, J. This was an action brought by the defendant in error, Leeper Bros. Lumber Co., against the plaintiff in error, E. C. Mobley, in the district court of Carter county, and for a judgment against Barshaw & Wescott, to recover against them the sum of $300.40, and for declaration of a material-

man's lien on lot 14, block 23, in the town of Wilson, Okla. The plaintiff recovered its judgment against the said Barshaw & Wescott, and further recovered judgment foreclosing its lien on the property above described, in the sum of $162.50. The said real estate was the property of the plaintiff in error, E. C. Mobley, who, desiring to build on said lot, made a contract with Barshaw & Wescott, builders, to do the work and furnish the material for the sum of $850. In turn, Barshaw & Wescott purchased the material to the value of $162.50 from the defendant in error Leeper Bros. Lumber Company, and the said amount not having been paid, within the statutory period the said Leeper Bros. Lumber Company duly filed its lien claim, with proper notice to the owner, upon said lot and the improvements thereon, and within the time provided by law instituted this suit for a money judgment against Barshaw & Wescott, and for declaration and foreclosure of lien against the said property of the plaintiff in error.

The cause was tried, resulting in a verdict and judgment for the plaintiff, defendant in error, Leeper Bros. Lumber Company, and foreclosing the lien upon the said lot of the plaintiff in error, in amount above set out.

From this judgment, the plaintiff in error appeals, and assigns numerous alleged errors of the trial court, none of which are discussed in the brief, except one proposition, and that is, in substance, as stated by plaintiff in error: The owner of real estate cannot be held liable for material used in the construction of the building on his land, unless the contract therefor was first made with the landowner. All of the other alleged errors of the trial court will be treated as waived.

The parties are herein referred to as they were in the district court.

It developed from the plaintiff's evidence that the defendant Mobley never made any contract with Leeper Bros. Lumber Company under which the said lumber company should furnish the material to be used by the contractors, Barshaw & Wescott, but that the lumber was furnished by the said plaintiff, at the instance of the said Barshaw & Wescott, and used in carrying out their contract with the said E. C. Mobley.

Section 3862, Rev. Laws 1910, creates a lien in favor of a materialman for material furnished under a contract with the owner of real estate, which material is used on the premises in erecting, altering, or repairing any building, etc.

Section 3864, Rev. Laws 1910, modifies and supplements the said section 3862, to the extent of giving "any person who shall furnish any such material or perform such labor as a subcontractor or as an artisan or day laborer, in the employ of the contractor," a lien upon such land or improvements, or both, in the same manner and to the same extent as the original contractor, for the amount due him for such material and labor, etc.

Under the said first mentioned section of the statute, as modified and supplemented by said last mentioned section of the statute, the said Barshaw & Wescott, as the contractors agreeing to build and to furnish the material for the work, made a subcontract with the plaintiff, by which Leeper Bros. Lumber Company furnished the material, the plaintiff thereby becoming a subcontractor, or a submaterialman, and entitled to its lien for the same, if other provisions of the statute were complied with. Hoggson Bros. v. Dickason-Goodman Lumber Co., 81 Okla. 31, 196 Pac. 686; Crane v. Naylor, 70 Oklahoma, 172 Pac. 956.

In the case of Ryndak v. Seawell, 13 Okla. 737, 76 Pac. 170, the court, among other things, says:

"We think that when a materialman enters into a contract with a contractor to furnish material for a building which the contractor has agreed to build, and where the materialman has knowledge of such contract, and makes his contract in relation thereto, with the understanding that the material is to be used by the contractor in the building, he thereby becomes a subcontractor, within the meaning of the mechanic's lien law, and if the material is used in the construction of the building, he is entitled to a lien. A subcontract is one made under a previous contract, and a subcontractor is one who takes a portion of a contract from the principal contractor." Caldwell v. Taylor Co., 50 Okla. 798, 150 Pac. 698; Ball v. Houston, 11 Okla. 233, 66 Pac. 358.

The above quotation sets out the rule under which, as a matter of law, a materialman becomes a subcontractor or submaterialman, within the meaning of section 3864, Rev. Laws 1910.

In the case of Wm. Cameron Co. v. Beach, 44 Okla. 663, 146 Pac. 29, and Lee v. Tonsor, 62 Okla. 14, 161 Pac. 804, cited by the plaintiff in error, the decisions of the court were based upon the fact that in neither case was there any binding and enforceable contract. The first above mentioned section of the mechanic's lien law is not in any way modified or changed by section 3864, Rev. Laws 1910.

The contract made by the builders with the property owner in the case at bar was a valid, binding, and enforceable agreement, and is admitted to be by all parties to this litigation, and the contract made by the builders and the property owner was that the builders would furnish the material and build the house on the lot in question. The builders, not having the material personally, purchased the same from Leeper Bros. Lumber Company. If the builders had had no enforceable agreement with the property owner, Leeper Bros. Lumber Company could have looked solely to the builders, Barshaw & Westcott, but since there was a valid, binding, and enforceable contract between the said builders and the property owner, and the said Leeper Bros. Lumber Company furnished the material to the value found by the court and jury, and filed its lien statement, etc., as provided by law, the said Leeper Bros. Lumber Company became and was clearly a subcontractor, or submaterialman, if this more accurately describes the legal status, and was clearly entitled to its lien, under and by virtue of section 3864, supra. The said last mentioned section must have been incorporated into the statute as a modification of the first mentioned section 3862, for the purpose of covering such a case as is presented by this record, in so far as the statute refers to materialmen.

In the case of Gentry-Bowers Lbr. Co. v. Hamill, 75 Okla. 210, 182 Pac. 687, which is cited by plaintiff in error, the court held that no lien attached under and by virue of said section 3862. It is recited in the opinion:

"The lien is sought against the owner on the theory that the contract to erect the building made the contractor his agent in purchasing the material. It is not sought to enforce a subcontractor's lien."

It is not now before us as to why the plaintiff in this last mentioned action did not seek to enforce a subcontractor's lien, but because this case was evidently tried and finally decided on a theory on which the plaintiff could not recover, does not alter the fact that, even under the record disclosed in the opinion itself, if the plaintiff had insisted on and claimed a subcontractor's lien, he would have been entitled to a judgment in the case, for the opinion expressly recites:

"Such materialman might have a lien as subcontractor under section 3864, Rev. Laws 1910, but no right is claimed in this action under that section of the statute."

We are clearly of the opinion that the plaintiff herein was a subcontractor within the meaning of section 3864, and that, since a valid and enforceable contract was entered into between the builders or contractors and the property owner, and in this respect fully complied with section 3862, no contract was necessary between the property owner and the plaintiff herein in order for it to receive under the law a lien upon the real estate for the materials furnished and used in erecting the building. All that is required is that the contractor have a binding contract, and that the materialman furnish the material to the contractor to be used in pursuance of his agreement with the property owner, and if it is so used, the materialman, under said last named section, if he complies with other provisions of the statute necessary to ripen his claim into a lien, is entitled thereto.

Under the above stated facts, and the authorities cited, the contention of the plaintiff in error is not tenable. The judgment of the trial court should be, and the same is hereby, affirmed.

The defendant in error, having asked in its brief, in event of the affirmation of this judgment, that judgment be entered upon the supersedeas bond filed herein, it is ordered that judgment be entered upon the supersedeas bond for the full amount due under the terms and conditions thereof.

JOHNSON, C. J., and McNEILL, KANE, KENNAMER, NICHOLSON. and COCHRAN. JJ., concur.