**PREUIT, Adm'x, v. LAIL.**

No. 15164—Opinion Filed June 23, 1925.

Rehearing Denied Feb. 23, 1926.

**1. Mechanics' Liens — Foreclosure — Lien Statement not Proof of Contract with Owner.**

In a suit to foreclose a lien for material furnished and labor performed under a contract with the owner, where the alleged contract is put in issue by the answer, the verified lien statement is not prima facie proof of the contract.

**2. Same—Statement as Proof of Time Material Was Furnished.**

Where the verified itemized statement of material furnished and labor performed does not show the date upon which any of material was furnished or labor performed, it does not furnish prima facie proof that it was furnished within four months of the filing of the lien statement.

**3. Same—Force of Statement as Evidence.**

A lien statement filed does not establish the lien, but only establishes the fact that a lien is claimed.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by Luther Lail against Evelyn Preuit, administratrix of the estate of Frank N. Preuit, deceased. Judgment for plaintiff, and defendant appeals. Reversed.

A. F. Pyeatt, for plaintiff in error.

C. H. Thompson and Bowling & Farmer, for defendant in error.

Opinion by RAY, C. This suit was commenced by Luther Lail to foreclose a lien for labor performed and material furnished on certain property of Frank N. Preuit, deceased, alleged to have been furnished under oral contract with the deceased. The defendant's unverified answer included a general denial and a specific denial that the labor and material were furnished under a contract with the owner, and denied that the deceased ever undertook and agreed to pay for the labor and material. The only evidence offered by plaintiff was the lien statement which was filed in the office of the court clerk on the 16th day of May, 1921. The demurrer to plaintiff's evidence was overruled, as was defendant's motion for a directed verdict.

The question to be determined is, Was the lien statement sufficient evidence to make a prima facie case? The lien statement contained the recital that the claim was made for and on account of work and materials furnished between the dates of June 15, 1920, and March 17, 1921, according to an itemized statement thereto attached and made a part of the statement, and that such work, labor, and materials were furnished upon the building and premises owned by Frank N. Preuit (described), and that the sum claimed was just, due, and unpaid. The lien statement was verified by the affidavit of the lien claimant.

The itemized statement attached to and made a part of the lien statement was as follows:

### Amended Statement

| | |
|---|---:|
| 40¼ cu. ft. of concrete footing | $ 36.20 |
| Brick furnished on fire wall of brick building located on the north 50 ft. of the south 50 ft. of lot 2, block 82 | 283.00 |
| Extra 4 inches on fire wall | 147.00 |
| Anchors in joist holes | 28.00 |
| Concrete footing under pilaster | 9.00 |
| Pilaster labor and material | 28 80 |
| Two down spouts | 32.70 |
| Plastering | 72.00 |
| Taking up concrete floor | 110.63 |
| Taking up and replacing floor | 50.40 |
| Removing old roof and placing new one on the N. 59 ft. of lot 1, block 82 | 190.00 |
| Plumbing for fountain in drug store building located in building on N. 50 ft. of lot 1, block 82 | 149.45 |
| | $1137.18 |

### Credits

| | |
|---|---:|
| Collecting on old blocks | $ 30.80 |
| Sold glass | 3.00 |
| Paid | 190.00 |
| | $223.80 |

It is contended on the part of the plaintiff that the lien statement was admissible in evidence and of the same probative value as a verified account, and, not being denied under oath, was sufficient to make a prima facie case, while defendant contends that it did not furnish proof of the contract with the owner, or that the material and labor were furnished within four months next preceding the filing of the lien statement in the office of the court clerk, and, for these reasons, did not make a prima facie case.

That the lien statement was admissible in evidence for the purpose of showing that the contractor had taken the necessary steps to preserve the lien claimed is not questioned by the plaintiff in error, but it is contended that the lien statement, being the ex parte affidavit of plaintiff, did not fur-

nish proof of a contract with the owner. Assuming, as contended for the contractor, but not deciding, that the verification of the lein statement was sufficient under section 287, Comp. Stat. 1921, to establish the correctness of the itemized statement attached to the lien statement and to entitle plaintiff to a personal judgment, was it, with all reasonable inference to be drawn therefrom, sufficient to entitle plaintiff to a foreclosure of the lien claimed? No personal judgment was sought.

Two things are essential to the preservation of the lien under the statute: (1) A contract with the owner to be charged with the lien (Lee v. Tonsor, 62 Okla. 14, 161 Pac. 804; Gentry-Bowers Lumber Co. v. Hamill, 75 Okla. 210, 182 Pac. 687; Mobley v. Leeper Bros. Lbr. Co., 89 Okla. 95, 214 Pac. 174); and (2) the lien statement shall be filed in the court clerk's office within four months after the date upon which material was last furnished or labor last performed. Section 7462, Comp. Stat. 1921.

It is not contended by counsel for the contractor, as we understand it, that the contract, or its terms and conditions, may be proved by the recital in the ex parte affidavit. The contention is that section 7462 provides for the filing of the lien statement in the office of the clerk, and prescribes what its contents shall be, and that section 638, Comp. St. 1921, makes it a public document and renders it admissible in evidence and competent to prove all relevant facts incorporated in it.

There are two sufficient answers to this contention: First, section 638, cited and relied on, only purports to make certified copies of papers authorized or required by law to be filed or recorded in any public office to be received in evidence with the same effect as the original when such original is not in the possession or under the control of parties desiring to use the same. In the instant case the original lien statement was offered and admitted in evidence. The second answer is that section 7462 does not require that the lien statement filed in the office of the court clerk should contain any reference whatever to the contract under which the labor or materials were furnished. The requirements of the statute are:

"Any person claiming the lien as aforesaid shall file in the office of the clerk of the district court of the county in which the land is situated, a statement setting forth the amount claimed and the items thereof as nearly as practicable, the names of the owner, the contractor, the claimant,

and a description of the property subject to the lien, verified by the affidavit."

If it be conceded, therefore, as contended, that the lien statement was admissible to prove the things the statute requires to be contained in it, still the statement does not furnish any proof of the contract, its terms, or conditions, for the reason that the recital was not in response to the requirement of the statute.

It will be observed that the date upon which any item of labor was performed or material was furnished is not disclosed by the itemized statement. In the body of the lien statement is the recital that the work and materials were furnished "between the dates of June 15, 1920, and March 17, 1921, according to an itemized statement, thereto attached." Section 7462 requires that "such statements shall be filed within four months after the date upon which material was last furnished, or labor last performed under the contract. * * *"

The filing of the lien statement in the office of the clerk does not establish the lien but only establishes the fact that a lien is claimed. The lien is created by furnishing the labor and materials and is established by the judgment of the court. The lien depends upon a contract with the owner, and its preservation depends upon the filing of the statement within four months after the date upon which material was last furnished or labor last performed under the contract. The defendant having denied generally and specifically that the material and labor were furnished under a contract with the owner, it was necessary to the establishment of the lien to submit proof of the contract or of facts sufficient for the court to say that there was an implied contract, and, it not being disclosed by the itemized statement that some item of labor or material was furnished within four months of the date of the filing of the lien statement, it was necessary to the establishment of the lien that evidence be adduced from which it could reasonably be inferred that some item of material was furnished or labor performed under the contract within four months of the filing of the lien statement.

Other errors are assigned, but we think no reversible error was committed other than above pointed out.

The judgment should be reversed, with directions to grant defendant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 419. (2) 27 Cyc. p. 419. (3) 27 Cyc. p. 419.