OSCN Found Document:PIZANO v. LACEY & ASSOCIATES, LLC

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PIZANO v. LACEY & ASSOCIATES, LLC
2016 OK 73
Case Number: 112538
Decided: 06/21/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 73, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

ANDREA ROSA PIZANO, Plaintiff/Appellee,
v.
LACEY & ASSOCIATES, LLC, Defendant/Appellant,
and
WW GROUP, LLC, 5W GROUP, LLC, MARK WILLIAMS, JONNY WILLIAMS, and JOHN DOE, Defendants,
v.
EVEREST HOMES, LLC, Third-Party Defendant.

ON CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION IV

¶0 Lacey & Associates, LLC, defendant/appellant, purchased commercial real estate from Everest Homes, LLC, third-party defendant. In addition, Lacey contracted with Everest to replace the roof and HVAC units on the building Lacey purchased. Everest contracted with the Williams Group, defendants, to do the work, and the Williams Group hired Pizano, plaintiff/appellee, to remove the roof. When the Williams Group did not pay Pizano, Pizano filed suit and sought to foreclose on Lacey's property pursuant to subcontractor lien statutes. Lacey claimed it received no pre-lien notice as the statutes require. Lacey and Pizano filed motions for summary judgment. The trial court granted Pizano's motion, giving her a judgment in a reduced amount, and denied Lacey's motion. On appeal, the Court of Civil Appeals reversed the trial court's determination that 41 O.S.2011, § 142.6 requires subcontractors to file a pre-lien notice. This Court granted certiorari to review this case.

CERTIORARI PREVIOUSLY GRANTED;
OPINION OF THE COURT OF CIVIL APPEALS IS VACATED;
JUDGMENT OF THE DISTRICT COURT IS AFFIRMED AND THE CASE IS 
REMANDED TO THAT COURT. 

Ryan S. Wilson, HARTZOG CONGER CASON & NEVILLE, Oklahoma City, Oklahoma; Attorney for Appellant.
Patrick H. Lane, Jack S. Dawson, MILLER DOLLARHIDE, P.C., Oklahoma City, Oklahoma; Attorneys for Appellee.

WINCHESTER, J. 

¶1 The issue is whether Andrea Rosa Pizano, plaintiff/appellee, was required to file a pre-lien notice pursuant to 42 O.S.2011, § 142.6, to perfect her mechanic's lien against the real property owned by Lacey & Associates, LLC, defendant/appellant.

I. FACTS AND PROCEDURE

¶2 In 2012, Lacey & Associates, LLC, (Lacey), contracted with Everest Homes, LLC, (Everest), to purchase a commercial building. In addition, Lacey and Everest executed an escrow agreement on October 5, 2012, for the release of additional funds to Everest if the roof was replaced after title had transferred to Lacey. After title passed to Lacey, Everest entered into a contract with the Williams Group, a contractor, to replace the roof. The Williams Group then hired Andrea Rosa Pizano, (Pizano) to remove the old roof and HVAC units, which service she performed. On March 26, 2013, Pizano sued alleging the Williams Group did not pay the contractual amount of $11,085, as agreed by the two parties. She filed a mechanic's lien on Lacey's building one day before she filed her petition. The lawsuit sought judgment against the Williams Group in the amount of $11,085, plus interest. The Williams Group never filed an answer. The trial court thereafter entered a default judgment against the Williams Group on August 6, 2013, awarding Pizano $11,085, an attorney's fee of $2,500.00 and court costs of $461.81. Pizano then sought to foreclose her lien against Lacey and be awarded court costs and attorney fees.

¶3 On October 29, 2013,[1] Pizano moved for summary judgment against Lacey, based on her judgment against the Williams Group. She asserted the judgment entitled her to foreclose the lien claimed against the building and premises owned by Lacey. She requested that the property be sold to satisfy the judgment.

¶4 Lacey and Associates, LLC, answered and included a "Cross-motion for Summary Judgment." The company responded that the new roof leaked so badly that large barrels had to be placed inside the building to catch the water. Therefore, no party was entitled to be paid for the roof. Lacey also asserted that Pizano's motion should be denied because Lacey had no contract with Pizano, and also that the plaintiff failed to file the required pre-lien notice pursuant to 42 O.S.2011, § 142.6. [2]

¶5 Pizano replied that because her work included only removing and disposing of the old roof, the roof's present condition was irrelevant to her lawsuit for foreclosure. She argued that 42 O.S.2011, § 142.6 did not require her to file a pre-lien notice because she did not fit the description of "Claimant" as defined in that statute.

¶6 On January 15, 2014, the trial court found there were no disputed material facts. It granted Pizano's summary judgment motion in part, and denied Lacey's counter-motion for summary judgment. The court found that § 142.6 required Pizano to provide pre-lien notice, and because she did not give notice, she was not entitled to a lien in the entire principal amount of her claim, that is, $11,085.00. The order continued that Pizano's failure to provide such notice nevertheless entitled her to a reduced judgment amount of $9,999.00, pursuant to 42 O.S.2011, § 142.6(B)(3)(b). The trial court ordered Lacey to pay that reduced amount, as well as attorneys' fees and costs to Pizano in the amount of $10,766.18. Lacey appealed and Pizano counter-appealed. On March 23, 2015, the Court of Civil Appeals, Division IV, held that Pizano successfully preserved her subcontractor's lien, but found that genuine disputes of fact remained as to the amount owed to Pizano and the enforceability of the lien. The Court of Civil Appeals reversed and remanded the case for further proceedings.

II. ANALYSIS OF THE RELEVANT STATUTES

¶7 In its petition for writ of certiorari, Lacey argues that the Court of Civil Appeals erred in holding that subcontractors are not required to give a pre-lien notice to property owners in order to assert their lien status. This issue has never been decided by this Court.

¶8 The requirement for a pre-lien notice is found in 42 O.S.2011, § 142.6. Section 142.6 requires a subcontractor to file a pre-lien notice only if that person fits within the definition of a "Claimant" found in subsection (A)(1) and (A)(2) of that statute. A "Claimant" is a "Person," other than an original contractor, who is entitled to a lien pursuant to 42 O.S.2011, § 141.[3] Section 141 provides in pertinent part,

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor . . . on said land for the erection, alteration or repair of any building, improvement or structure thereon . . . shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. If the title to the land is not in the person with whom such contract was made, the lien shall be allowed on the buildings and improvements on such land separately from the real estate." [Emphasis added.]

For Lacey to be entitled to pre-lien notice, Pizano must be entitled to a lien pursuant to 42 O.S.2011, § 141. Pizano falls within the definition of "Claimant" because under § 141, she is a person, who is not the original contractor, and she did not have a contract with the owner of the property, Lacey & Associates, LLC. Had she filed a pre-lien notice § 141 would restrict Pizano's right to a lien only against the buildings and improvements of the property separately from the real estate, because she contracted with the Williams Group to perform labor, and that entity was not the owner of the land.

¶9 Lacey cites Jones v. Purcell Investments, 2010 OK CIV APP 15, 231 P.3d 706, to demonstrate the conflict between Division IV and Division I of the Court of Civil Appeals. The issue in the Jones case involved the timing of the required pre-lien notice pursuant to § 142.6(B).[4] Division IV observed that the Jones court assumed that a pre-lien notice was required by a subcontractor under that statute, without analysis of the validity of that assumption. But that assumption is based on sound reasoning.

¶10 The Jones court identified the policy behind a pre-lien notice: "Oklahoma law protects property owners by requiring subcontractors to give owners notice of mechanics' liens, which allows owners to withhold payment to the general contractor until they are sure the subcontractor will be paid by the general contractor."[5]

¶11 Pursuant to § 142.6, a claimant is required to send the original contractor and the owner of the property pre-lien notice, prior to filing a lien statement under § 143.1,[6] but no later than 75 days after the last date of the supply of materials, services, or labor. Today's holding, that the statutes cited above do require § 142.6(A)(1) claimants to file a pre-lien notice, has been anticipated in Jones, and 5A Vernon's Okla. Forms 2d, Real Estate 12.3 (2012 ed.), which states:

"Pursuant to the specific and/or incorporating language of § 142.6 regarding §§ 141, 142 and 143, the prerequisites of § 142.6 seemingly applies to original contractors, laborers and materialmen, and subcontractors. Oklahoma decisional law specifically applies prelien notice requirements of § 142.6 to subcontractors."

Volume 9 Okla. Prac., Construction Law § 6:6 (2014 ed.), regarding § 142.6 agrees:

"Section 142.6 imposes a pre-lien notice requirement on persons 'other than an original contractor.' The pre-lien notice must be filed prior to the filing of the lien statement, but no later than 75 days after the last date of supply of material, services, labor or equipment in which the claimant is entitled to lien rights." [Emphasis in original; footnotes omitted.]

¶12 Because § 141 applies to Pizano, then § 142.6 applies as well. Section 142.6(B) explicitly specifies that the requirements within that statute apply before filing § 143.1 lien statements. "Prior to the filing of a lien statement pursuant to Section 143.1 of this title.the claimant shall send to the last known address of the original contractor and an owner of the property a pre-lien notice pursuant to the provisions of this section." 42 O.S. 2011, § 142.6(B).

¶13 The exception to the pre-lien requirement provided in 42 O.S.2011, § 142.6(A)(3)(b), allows a lien claim to be enforced without a pre-lien notice for claims when the aggregate amount of the claim is less than $10,000. Under subsection D, "[f]ailure by the claimant to comply with the pre-lien notice requirements of this section shall render that portion of the lien claim for which no notice was sent invalid and unenforceable." 42 O.S.2011, § 142.6(D). Pizano's claim exceeded $10,000.

¶14 We can infer from the exception cited in the above paragraph that the Legislature intended amounts less than $10,000 to be exempt from pre-lien notice. Having provided such an exception, the wording persuades this Court that if a claimant filed a claim of $10,085 without a pre-claim notice, the claim would be enforceable up to $9,999. We do not believe that the claim would be completely unenforceable if it exceeded that legislatively-approved amount by a mere $86.

¶15 The judgment of the trial court finding that Pizano failed to file pre-lien notice as required by law is affirmed. The trial court's order entitling her to a reduced judgment amount of $9,999.00 and an award of attorneys' fees and costs is affirmed. This case is remanded to the trial court to issue a judgment consistent with the law as expressed within this opinion.

CERTIORARI PREVIOUSLY GRANTED;
OPINION OF THE COURT OF CIVIL APPEALS IS VACATED;
JUDGMENT OF THE DISTRICT COURT IS AFFIRMED AND THE CASE IS
REMANDED TO THAT COURT.

CONCUR: REIF, C. J., COMBS, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, and GURICH, JJ.

DISSENT: COLBERT, J.

FOOTNOTES

[1] The document is entitled "Plaintiff's Corrected Motion for Summary Judgment and Brief in Support."

[2] 42 O.S.2011, § 142.6:
A. For the purposes of this section:
1. "Claimant" means a person, other than an original contractor, that is entitled or may be entitled to a lien pursuant to Section 141 of this title; and
2. "Person" means any individual, corporation, partnership, unincorporated association, or other entity.
B. 1. Prior to the filing of a lien statement pursuant to Section 143.1 of this title, but no later than seventy-five (75) days after the last date of supply of material, services, labor, or equipment in which the claimant is entitled or may be entitled to lien rights, the claimant shall send to the last-known address of the original contractor and an owner of the property a pre-lien notice pursuant to the provisions of this section. Provided further, no lien affecting property then occupied as a dwelling by an owner shall be valid unless the pre-lien notice provided in this section was sent within seventy-five (75) days of the last furnishing of materials, services, labor or equipment by the claimant.
2. The provisions of this section shall not be construed to require:
a. a pre-lien notice with respect to any retainage held by agreement between an owner, contractor, or subcontractor, or
b. more than one pre-lien notice during the course of a construction project in which material, services, labor, or equipment is furnished.
A pre-lien notice sent in compliance with this section for the supply of material, services, labor, or equipment that entitles or may entitle a claimant to lien rights shall protect the claimant's lien rights for any subsequent supply of material, services, labor, or equipment furnished during the course of a construction project.
3. Except as otherwise required in paragraph 1 of this subsection, the pre-lien notice requirements shall not apply to a claimant:
a. whose claim relates to the supply of material, services, labor, or equipment furnished in connection with a residential project. For the purposes of this subparagraph, the term "residential" shall mean a single family or multifamily project of four or fewer dwelling units, none of which are occupied by an owner, or
b. whose aggregate claim is less than Ten Thousand Dollars ($10,000.00).
4. The pre-lien notice shall be in writing and shall contain, but not be limited to, the following:
a. a statement that the notice is a pre-lien notice,
b. the complete name, address, and telephone number of the claimant, or the claimant's representative,
c. the date of supply of material, services, labor, or equipment,
d. a description of the material, services, labor, or equipment,
e. the name and last-known address of the person who requested that the claimant provide the material, services, labor, or equipment,
f. the address, legal description, or location of the property to which the material, services, labor, or equipment has been supplied,
g. a statement of the dollar amount of the material, services, labor, or equipment furnished or to be furnished, and
h. the signature of the claimant, or the claimant's representative.
5. A rebuttable presumption of compliance with paragraph 1 of this subsection shall be created if the pre-lien notice is sent as follows:
a. hand delivery supported by a delivery confirmation receipt,
b. automated transaction pursuant to Section 15-115 of Title 12A of the Oklahoma Statutes, or
c. certified mail, return receipt requested. Notice by certified mail, return receipt requested, shall be effective on the date mailed.
6. The claimant may request in writing, the request to be sent in the manner as provided in paragraph 5 of this subsection, that the original contractor provide to the claimant the name and last-known address of an owner of the property. Failure of the original contractor to provide the claimant with the information requested within five (5) days from the date of receipt of the request shall render the pre-lien notice requirement to the owner of the property unenforceable.
C. At the time of the filing of the lien statement, the claimant shall furnish to the county clerk a notarized affidavit verifying compliance with the pre-lien notice requirements of this section. Any claimant who falsifies the affidavit shall be guilty of a misdemeanor, and upon conviction thereof may be punished by a fine of not more than Five Thousand Dollars ($5,000.00), or by imprisonment in the county jail for not more than thirty (30) days, or by both such fine and imprisonment.
D. Failure of the claimant to comply with the pre-lien notice requirements of this section shall render that portion of the lien claim for which no notice was sent invalid and unenforceable.

[3] Title 42 O.S.2011, § 141 as amended by 2013 Okla.Sess.Laws, ch. 78, § 1 added the underlined wording:
"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, furnish material or lease or rent equipment used on said land for the erection, alteration or repair of any building, improvement or structure thereon or perform labor in putting up any fixtures, machinery in, or attachment to, any such building, structure or improvements; or who shall plant any tree, vines, plants or hedge in or upon such land; or who shall build, alter, repair or furnish labor, material or lease or rent equipment used on said land for buildings, altering, or repairing any fence or footwalk in or upon said land, or any sidewalk in any street abutting such land, shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances in an amount inclusive of all sums owed to the person at the time of the lien filing, including, without limitation, applicable profit and overhead costs. If the title to the land is not in the person with whom such contract was made, the lien shall be allowed on the buildings and improvements on such land separately from the real estate. Such liens shall be preferred to all other liens or encumbrances which may attach to or upon such land, buildings or improvements or either of them subsequent to the commencement of such building, the furnishing or putting up of such fixtures or machinery, the planting of such trees, vines, plants or hedges, the building of such fence, footwalk or sidewalks, or the making of any such repairs or improvements; and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found, and compliance with the provisions of this act shall constitute constructive notice of the claimant's lien to all purchasers and encumbrancers of said property or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor or the first use of the rental equipment on said land."

[4] The Jones court construed 42 O.S.2001, § 142.6(B), which contained an ambiguity concerning whether the pre-lien notice required by the statute must be sent no later than 75 days after the first or last date materials or labor were supplied. That court held that the time began to run after the last date materials or labor were supplied. The Legislature subsequently amended the statute to confirm that holding. The amendment is now codified at 42 O.S.2011, § 142.6(B).

[5] W.E. Caldwell Co. v. John Williams-Taylor Co., 1915 OK 1117, 50 Okla. 798, 150 P. 698, 699-700.

[6] 42 O.S.2011, § 143.1:
A. Within five (5) business days after the date of the filing of the lien statement provided for in Sections 142 and 143 of this title, a notice of the lien shall be mailed by certified mail, return receipt requested, to the owner of the property on which the lien attaches. The claimant shall furnish to the county clerk the last-known mailing address of the person or persons against whom the claim is made and the owner of the property. The notice shall be mailed by the county clerk. The fee for preparing and mailing the notice of mechanics' and materialmen's lien and costs for each additional page or exhibit shall be as provided for in Section 32 of Title 28 of the Oklahoma Statutes and shall be paid by the person filing the lien. The fee shall be deposited into the County Clerk's Lien Fee Account, created pursuant to the provisions of Section 265 of Title 19 of the Oklahoma Statutes.

B. The notice shall contain the date of filing; the name and address of the following: The person claiming the lien; the person against whom the claim is made and the owner of the property; a legal description of the property; and the amount claimed. Provided that, if with due diligence the person against whom the claim is made or the owner of the property cannot be found, the claimant after filing an affidavit setting forth such facts may, within sixty (60) days of the filing of the lien statement, serve a copy of the notice upon the occupant of the property or the occupant of the improvements, as the case may be, in a like manner as is provided for service upon the owner thereof, or, if the same be unoccupied, the claimant may post a copy in a conspicuous place upon the property or any improvements thereon.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2010 OK CIV APP 15, 231 P.3d 706, JONES v. PURCELL INVESTMENTS, LLC
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1915 OK 1117, 150 P. 698, 50 Okl. 798, W. E. CALDWELL CO. v. JOHN WILLIAMS-TAYLOR CO.
Discussed
Title 42. Liens
 Cite
Name
Level

 42 O.S. 142.6, Pre-Lien Notice
Discussed at Length
 42 O.S. 141, Right to Lien - Priority - Enforceability against Property - Constructive Notice
Discussed at Length
 42 O.S. 143.1, Notice - Filing of Lien Statement - Fees
Cited