[No. 12176.   Department Two.   July 21, 1915.]

MALCOLM McDOUGALL *et al., Respondents,* v.
ANGUS V. McDONALD *et al., Appellants.*[1]

PLEADINGS—AMENDMENTS—VARIANCE — DISCRETION.   In an action
for an accounting and to recover profits under an agreement to ob-
tain and prosecute certain railroad construction work, in which the
complaint pleaded the profits obtained from only one contract for
such work, it is discretionary to allow the complaint to be amended
to include the profits under another contract secured and completed
under the original agreement of the parties, where no surprise was
claimed by defendant and no continuance asked.

CONTRACTS — CERTAINTY — EXECUTED   CONTRACTS — ACTIONS — DE-
FENSES.   Uncertainty and indefiniteness in a contract for a joint ven-
ture as to the financial aid and assistance which plaintiffs were to
furnish the defendants in securing and prosecuting certain railroad
construction work cannot be pleaded by defendants as a defense to
an action to recover plaintiffs' share of the profits, where the con-
tract had been fully executed and defendants had accepted the bene-
fits, and nothing remained to be done except to make the final divi-
sion of the profits.

JOINT ADVENTURES—PROFITS—EVIDENCE—ADMISSIBILITY.   In an ac-
tion to recover a share of the profits of a joint venture, evidence of
the value of defendants' services is properly excluded where the
court found, on sufficient evidence, that they were not to receive
compensation for personal services.

PARTNERSHIP—CONTRACTS — AUTHORITY TO MAKE — RATIFICATION.
Ratification of a contract made by one partner for financing railroad
construction work to be prosecuted by the firm is sufficiently estab-
lished where it appears that the other partner knowingly partici-
pated in the use of the funds secured by the agreement, which he
never questioned until the completion of the construction contract.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered February 26, 1914, upon find-
ings in favor of the plaintiffs, in an action for an accounting,
tried to the court.   Affirmed.

*Karr & Gregory,* for appellants.
*Gay & Kelleran,* for respondents.

[1]Reported in 150 Pac. 628.

CROW, J.—Action by Malcolm McDougall and R. J. Cameron against Angus V. McDonald and D. V. McDonald, copartners as McDonald Brothers, to obtain an accounting and recover one-third of the profits earned in the performance of two construction contracts. From a judgment in plaintiffs' favor, the defendants have appealed.

Respondents claim they are entitled to one-third of the profits earned in the performance of two construction contracts, which they had assisted in financing and which had been performed by appellants. The trial judge, in substance, found that, in August, 1910, respondent Malcolm McDougall, acting on behalf of himself and on behalf of respondent R. J. Cameron, orally agreed with appellant D. V. McDonald, acting on behalf of himself and on behalf of appellant Angus V. McDonald, that respondents were to furnish the necessary funds to assist in financing and performing a certain contract which McDonald Brothers then had with the Northern Construction Company, Ltd., for the construction of a portion of the Canadian Northern Pacific Railway, in British Columbia; that respondents were to use their influence and efforts towards securing other construction contracts, and were to assist in financing the same; that all such contracts were to be carried on as joint ventures of all the parties; that appellants were to use their horses and equipment and give their individual time and efforts in prosecuting and performing the construction contracts without charge to respondents, and that the profits earned were to be divided as follows: To the respondents, one-third jointly; to Angus V. McDonald, one-third, and to D. V. McDonald, one-third.

The trial judge further found that respondents advanced $10,000, which was received and used by appellants in the performance of the first contract, known as the Chilliwack contract; that thereafter an additional contract, known as the Kamloops job, was obtained on the same railway; that, for the purpose of financing it, respondents and D. V. McDon-

ald executed and delivered to the Merchants Bank of Canada a contract of guaranty or letter of credit, wherein and whereby the respondents guaranteed future advances to be made to appellants to the extent of $25,000; that the letter of credit was furnished for the use and benefit of appellants, for the prosecution of the work under the terms of the original agreement; that thereby appellants secured from the bank large sums of money, aggregating at one time as much as $13,990, which they used in the prosecution of the work and which has been repaid to the bank; that respondents have done all and singular the acts which they contracted to do; that a net profit of $40,442.23 was earned on the construction contracts; that each of the contracts has been performed; that settlements have been made with the railway company; that appellants have paid $15,000 to respondents, of which $10,000 was to return advances made and $5,000 was on account of profits, and that $8,840.28 is still due respondents as their share of the profits.

The original complaint was based upon the first construction contract obtained by appellants, known as the Chilliwack contract. The Kamloops contract, which had been secured later, was not pleaded. Respondents had advanced $10,000 in the performance of the first contract, and had executed the written guaranty or letter of credit for the purpose of financing the second. Funds thus advanced and obtained on their credit had been used on the two contracts, which had been fully performed. Prior to the trial, respondents notified appellants that an application would be made to amend the complaint. This amendment, which was allowed, was made for the purpose of pleading both construction contracts and all profits earned. Appellants claimed no surprise and made no application for a continuance, but proceeded to trial. The evidence introduced tended to support the allegations of the complaint, as amended, and we are unable to conclude that any material departure or variance in the

pleadings was permitted. The trial judge acted well within his discretion in allowing the amendment.

Appellants further contend that the oral contract or agreement upon which this action is predicated was void, because it was uncertain and indefinite in that it failed to specify the amount of financial aid respondents were to furnish, or the nature of assistance which they were to give in securing additional contracts; that no time was fixed for the continuance of the agreement, and that no measure of damages was adopted in the event of its breach. If this were an action to enforce a specific performance, or to recover damages for a failure to perform the contract, there might be some merit in appellants' contention. The pleadings and evidence show, that the contract has been fully performed; that the construction work was completed; that final payments have been made to appellants by the railway company; that respondents have fully performed on their part by furnishing needed financial aid and credit, and that the contract is fully executed between respondents and appellants, save and except final division of the profits. Appellants have accepted the benefits of the contract and have used respondents' money and credit, and nothing further remains for respondents to do. Appellants at this time are in no position to refuse a division of profits on the ground of any uncertainty in their agreement with respondents. Full performance of the contract has made it certain in every respect in which, as an executory contract, it might have been regarded as uncertain. Appellants cannot be permitted to accept the benefits of this contract and then refuse to bear its burdens.

The remaining assignments of error go to the contention that the findings of the trial judge were not supported by the evidence, and that error was committed in the exclusion of evidence offered by appellants. The controlling issue of fact was whether a contract between respondents and appellants was made, entered into, and performed as contended by respondents. Upon this issue the evidence was conflicting,

but we conclude, from an examination of the entire record on a trial *de novo,* that it supports the findings of the trial judge, and that the contract was made as alleged. It is undisputed that respondents did advance $10,000, which appellants accepted and used to finance the first construction contract; that respondents also executed the letter of credit to finance the second contract, upon which appellants obtained and used large sums of money; that the construction contracts have been performed; that $10,000 has been repaid to respondents, together with $5,000 on account of profits, and that the profits on the two construction contracts were correctly found by the trial court, provided appellants were to receive no compensation for their personal services or the use of their equipment before estimating such profits. The evidence was sufficient to support the finding of the trial judge that the appellants were not to receive compensation for personal services or use of equipment, but were to share profits with respondents in the proportion above named. The manner in which appellants kept their books strongly supports this finding. This being true, we conclude that the trial court committed no prejudicial error in excluding evidence of the value of appellants' services or the use of their equipment, as they were not entitled to recover for the same.

Contention is made, that D. V. McDonald had no authority to represent his partner, Angus V. McDonald, in making the contract with respondents; that Angus V. McDonald is not bound by his acts, and that as a result no contract between respondents and McDonald Brothers has been proven. The evidence clearly shows that Angus V. McDonald knew of the advances made by respondents; that he knowingly participated in the use of these funds in financing the first construction contract; that he knew of and consented to the use of the letter of credit in financing the second contract, and that he never questioned the agreement until the completion of the construction contracts. Our conclusion is that he had full knowledge of the agreement between respondents and ap-

pellants made by D. V. McDonald, that he ratified the same, and that he cannot at this time successfully question its va-·lidity.

The judgment is affirmed.

FULLERTON, ELLIS, MAIN, and MOUNT, JJ., concur.