## GENTRY-BOWERS LUMBER CO. v. HAMILL et al.

No. 9225—Opinion Filed July 29, 1919.

(Syllabus by the Court.)

1. **Mechanics' Liens — Materialmen — Contract of Owner.**

A materialman has a lien under sec. 3862, Rev. Laws 1910, only where there is an enforcible legal contract with the owner of the premises sought to be charged with the lien.

2. **Same.**

Where the owner of property makes a contract with a builder to erect a building and to furnish lumber therefor, and such contractor purchases the lumber himself, but fails to pay for same, the contractor alone is responsible; and no lien attaches to the building, or land upon which it is erected, under sec. 3862 of the statute, in favor of the creditor.

3. **Same—Contractor as Agent.**

A contract between the owner and a contractor for the erection of a building oes not constitute the contractor agent of the owner for the purchase of material to be used in the erection of the building, so as to give a materialman's lien against the owner under sec. 3862, Rev. Laws 1910.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by the Gentry-Bowers Lumber Company against James H. Hamill and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Chas. West, for plaintiff in error.

Oliver Black, for defendants in error.

OWEN, C. J. Action by the Gentry-Bowers Lumber Company for a materialman's lien against defendants in error. From judgment for defendants, plaintiff appeals.

The lumber and material mentioned in this action was furnished by plaintiff to Shirley, a contractor, and used in the erection of a building owned by Hamill. The lien is sought against the owner on the theory that the contract to erect the building made the contractor his agent in purchasing the material. It is not sought to enforce a subcontractor's lien.

Under sec. 3862, Rev. Laws 1910, any person furnishing material under a contract with the owner has a lien upon the land on which the building is erected. But he does not have a lien in the absence of an enforcible legal contract with the owner. Lee v. Tonsor, 62 Oklahoma, 161 Pac. 805; Clark v. Hall, 10 Kan. 81.

Where the owner of property makes a contract with a builder to erect a building and to furnish lumber therefor, and such contractor purchases the lumber himself, but fails to pay for same, the contractor alone is responsible; and no lien attaches to the building, or land upon which it is erected, under sec. 3862 of the statute, in favor of the creditor. Darlington-Miller Lbr. Co. v. Lobitz, 4 Okla. 355, 46 Pac. 481. Such materialman might have a lien as subcontractor under section 3864, Rev. Laws 1910, but no

right is claimed in this action under that section of the statute.

The contract between Hamill and Shirley for the erection of the building did not constitute Shirley the agent of Hamill for the purchase of the material. Cahill-Swift Mfg. Co. v. Sayre, 72 Oklahoma, 178 Pac. 671; Stetson-Post Mill Co. v. Brown, 21 Wash. 619, 59 Pac. 507, 75 Am. St. Rep. 862.

It is urged by counsel that the material was furnished with the knowledge of Hamill, and, that being true, plaintiff was entitled to its lien, relying upon cases construing the statutes of Maine and Massachusetts which provide for a lien where the material is furnished with the knowledge and consent of the owner. Our statute gives a lien only under contract with the owner. These authorities are not in point under our statute.

The judgment of the lower court is affirmed.

All the Justices concur, except RAINEY and HIGGINS, JJ., not participating.