**HOLMES et al. v. DOLESE BROS. CO**

No. 15895—Opinion Filed Jan. 19. 1926.

Rehearing Denied May 11, 1926.

1. **Mechanics' Liens—Materialmen's Liens— Subcontractor—Variance — Failure of Proof.**

Where a lien claim for material furnished is filed under the provisions of Comp. Stat. 1921, sections 7461, 7462, while the proof on the trial shows that if any lien were authorized the right must have been asserted under section 7463, Id., as a subcontractor, the right to the lien fails because of the failure of proof to support it, no contract with the owner being shown.

2. **Same.**

A contractor agreeing to furnish material and construct an improvement for an agreed price is not the agent of the owner of the premises for the purchase of such material so as to bind the owner in favor of a materialman in absence of a compliance with the law relating to liens in favor of subcontractors.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by Dolese Brothers Company, a corporation, against Isaac Holmes and Carrie Holmes to enforce a materialman's lien. Judgment for plaintiff, and defendants bring error. Reversed, with directions.

This action was commenced in the district court of Oklahoma county by plaintiff, Dolese Brothers Company, filing its petition, wherein it was alleged in substance that between October 2 and 10, 1922, it furnished to the defendants Isaac Holmes and Carrie Holmes certain material to be used in the construction of a concrete walk on property described as the west 50 feet of lots 12. 13, 14, 15, and 16. block 25, Park Place addition to Oklahoma City; that°said material was so furnished under contract, and at the special instance and request of defendants, and that plaintiff thereafter and within four months from the date of furnishing the last material, filed its lien statement in the office of the court clerk as required by law; that by reason of the facts stated, plaintiff has a lien upon the above described premises for the value of such material so furnished, and asked for the foreclosure of such lien.

Answer was filed by Isaac Holmes and Carrie Holmes, and the cause was thereafter tried to the court without a jury. Upon such trial the testimony developed this state of acts: That in August. 1922. Isaac Holmes made a contract with one Adams to construct a concrete sidewalk on the premises described in plaintiff's petition, said Adams to furnish all material and perform the work; that Adams purchased certain material from Dolese Brothers Company. which was delivered at or near the premises above described, and that the sidewalk was laid by Adams according to his contract with Holmes; that Adams failed to pay Dolese Brothers Company for the material. and on December 5th, Dolese Brothers Company filed a lien statement in the office of the court clerk, in which it was stated that Isaac and Carrie Holmes were the owners of the premises described, and that the material furnished was furnished under contract with Holmes; that the same was used in said improvement; and that claimant was entitled to a lien upon the premises for the value of the material so furnished; that plaintiff filed no lien statement as a subcontractor, and that Adams' name nowhere appeared in the lien statement filed. Plaintiff amended its petition to show that the material was furnished to Adams instead of Holmes, and alleged a contract between Adams and Holmes. In order to establish the allega-

tions of its amended petition, plaintiff called the defendant Isaac Holmes as its witness, and his testimony was to the effect that he made a contract with Adams in August, 1922, and that the walk was completed prior to September 1st. Plaintiff was permitted to contradict this testimony of its own witness by testimony of the truck drivers who delivered the material, their testimony being to the effect that the material was delivered between October 2nd and October 10th, and that the walk was then being built. Other evidence was introduced upon collateral issues, but upon the principal issue here involved, the facts are substantially as above stated.

Judgment having been entered for plaintiff establishing and foreclosing its lien, defendants filed their motion for a new trial, which was overruled, and the case has been brought to this court by petition in error with case-made attached for review.

Horton & Horton, for plaintiffs in error.

S. S. Chandler, Jr., for defendant in error.

Opinion by LOGSDON, C. This was a proceeding to enforce a mattrialman's lien. It is a special statutory proceeding, and the remedy sought to be applied is equitable in character. No money judgment was sought to be recovered against Isaac Holmes and Carrie Holmes, and in fact none could be recovered under the provisions of the statute. Union Bond & Investment Co. v. Bernstein, 40 Okla. 527, 139 Pac. 974; Bryan v. Orient Lumber & Coal Co., 55 Okla. 370, 156 Pac. 897. Plaintiff's lien statement was filed under the provisions of Comp. Stat. 1921, sections 7461 and 7462, and was based upon an alleged contract between the plaintiff and the defendants. No such contract was shown by the evidence introduced upon the trial. Defendants were unknown to plaintiff and knew nothing of where the material came from which was used in the construction of the walk on their premises. Plaintiff's amended petition alleged a contract between Isaac Holmes and Charlie Adams for the construction of said improvement, and alleged that plaintiff furnished the material to Adams, either as the agent of Holmes or as the original contractor. The proof showed that Adams was the contractor and was to furnish the material and perform the work for an agreed price. The furnishing of the material by plaintiff to Adams under such circumstances constitutes plaintiff a subcontractor, but no lien claim was filed by plaintiff as a subcontractor in conformity to the provisions of Comp. Stat. 1921, section 7463. The

filing by plaintiff of a lien statement, under the provisions governing contracts with the owner, would not entitle plaintiff to a lien upon proof of a contract with a contractor and the furnishing of material to him. The facts shown by the record in this case bring it clearly within the rule announced by this court in the case of Gentry-Bowers Lumber Co. v. Hamill, 75 Okla. 210, 182 Pac. 687, in which it is said:

"Where the owner of property makes a contract with a builder to erect a building and to furnish lumber therefor, and such contractor purchases the lumber himself, but fails to pay for same, the contractor alone is responsible; and no lien attaches to the building or land upon which it is erected, under section 3862 of the statute, in favor of the creditor. Darlington-Miller Lbr. Co. v. Lobitz, 4 Okla. 355, 44 Pac. 481. Such materialman might have a lien as subcontractor under section 3864, Rev. Laws 1910, but no right is claimed in this action under that section of the statute.

"The contract between Hamill and Shirley for the erection of the building did not constitute Shirley the agent of Hamill for the purchase of the material. Cahill-Swift Mfg. Co. v. Sayre, 72 Okla. 88, 178 Pac. 671; Stetson-Post Mill Co. v. Brown, 21 Wash. 619, 59 Pac. 507."

At the close of the evidence in the case defendants demurred thereto and filed their motion for judgment. Both the demurrer and the motion for judgment were overruled. Under the authority of Gentry-Bowers Lumber Co. v. Hamill, supra, the action of the trial court in overruling the demurrer to the plaintiff's evidence and in denying the motion for judgment was clearly erroneous.

For the reasons herein stated, the judgment of the trial court is vacated, and the cause is reversed, with directions to sustain the demurrer of the defendants to the evidence of the plaintiff and to dismiss the action.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 405. (2) 27 Cyc. pp. 64, 90; 18 R. C. L. p. 911; 3 R. C. L. Supp. p. 875.