WOOTEN v. WARMACK et al.

No. 29817.    March 18, 1941.

Rehearing Denied April 29, 1941.

*112 P. 2d 796.*

Ed Shipp, of Idabel, for plaintiff in error.

T. G. Carr and Tom Finney, both of Idabel, for defendants in error.

PER CURIAM.  A. E. Warmack and S. B. Helms, defendants in error, hereinafter referred to as plaintiffs, filed their action against H. W. Wooten and F. A. Wooten, the latter of whom appears herein as sole plaintiff in error.

The action was to recover upon a liability arising by reason of the execution of a contractor's surety bond, wherein H. W. Wooten was principal and F. A. Wooten surety, which was executed in contemplation of the construction of a filling station. Judgment was against H. A. Wooten and F. A. Wooten jointly, and as aforesaid, F. A. Wooten alone prosecuted the appeal.

In the trial of the cause plaintiffs sought recovery of an account for lumber, material, and supplies furnished by the Mendenhall Lumber Company. This account had been incurred by and authorized by H. W. Wooten in the process of the construction. When it became apparent that the account was outstanding and unpaid, the Mendenhall Lumber Company advised the plaintiffs that the same was due and unpaid, and that they intended to file a lien. For and in consideration of the promise of the plaintiffs to pay the Mendenhall Lumber Company, the said company let the time for perfecting its lien expire and no lien was filed. Thereafter plaintiffs paid the Mendenhall Lumber Company, and this suit resulted.

By their answer and defense the defendants below and the defendant F. A. Wooten here first present error in the judgment based upon the assertion that the law is well defined that the contractor and the surety on the contractor's bond are liable only when and in the event that a valid lien is perfected which is enforceable against the premises involved. In support of this theory defendant cites Holmes v. Dolese Bros., 117 Okla. 298, 246 P. 372; Dolese Bros. v. Andrecopulas, 113 Okla. 18, 237 P. 844; Fuqua v. Tulsa Masonic Bldg. Ass'n, 129 Okla. 106, 263 P. 660, and related authorities in which the court discusses and recognizes the rule that no privity of contract exists between one furnishing labor or labor and materials to a contractor and the owner of the premises. These cases have no application to a situation disclosed by the case at bar, where the owner for a valid and sufficient consideration assumes and agrees to pay the liability created by the furnishing of labor or material. The

Mendenhall Lumber Company had a right to perfect its lien. Certain costs and expenses would have been incurred which plaintiffs would have had to pay. An attorney fee would be involved. The evidence discloses a peculiar and particular consideration in the present case. Plaintiffs were financing the construction through a loan agency. A lien would have been disadvantageous if not disastrous. We hold that plaintiffs had a legal right to bargain with the Mendenhall Lumber Company to forego its right to file the lien and to agree to assume payment of the account in consideration of the withholding of the lien claim. The contract to assume the payment was supported by a consideration and is binding on the parties. It follows, therefore, that the defendant was liable for the account, for it is conceded that if the lien had been perfected, defendant would have been liable. Holmes v. Dolese Bros., supra; Alberty v. Moore, 20 Okla. 78, 93 P. 543; Gorton v. Freeman, 51 Okla. 516, 152 P. 127; Wilson v. Nelson, 54 Okla. 457, 153 P. 1179.

Finally, it is contended that if H. W. Wooten was liable under the facts and circumstances of this case, F. A. Wooten was released by the action of the plaintiffs. This contention was not presented to the trial court and cannot be presented here by the defendant F. A. Wooten, for he chose to defend in a joint answer on the theory that neither he nor H. W. Wooten was liable for the sole reason that the payment was made to the Mendenhall Lumber Company after the time had expired in which to file the lien.

Finding no error, the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.