MILES et ux. v. THOMAS et al.

No. 30896. March 14, 1944.

Rehearing Denied April 4, 1944.

Application for Leave to File Second Petition for Rehearing Denied April 25, 1944.

*147 P. 2d 774.*

J. S. Severson, of Tulsa, for plaintiffs in error.

C. Lawrence Elder, of Tulsa, for defendant in error S. L. Chowning.

DAVISON, J. This litigation is occasioned by the unbusinesslike manner in which the details connected with a sale of property were handled by the parties to the transaction.

Prior to October 17, 1940, W. F. Miles was the owner of an improved lot in Tulsa county, Okla., described as: Lot twelve (12) in block two (2) of Lincoln Park Addition to the City of Tulsa.

On the date above mentioned, Miles, joined by his wife, Stannie J. Miles, conveyed the property by warranty deed to Alvin Thomas and Edna Thomas, his wife. The consideration recited in the deed was "one dollar and other good and valuable considerations." The actual consideration was $1,750 to be paid by consecutive monthly payments of $21 each until the purchase price should be paid in full.

While the property was conveyed as free from prior encumbrances and the title was warranted by the grantors on that basis, it was not in fact clear and unencumbered property. There was an outstanding unpaid lienable claim for $353.33 in favor of Sears, Roebuck & Co. for material and labor furnished Miles to improve the premises prior to the transfer to the Thomases. The lien existing against the property for the payment of this claim was preserved by the timely filing of a verified mechanics' and materialmen's lien statement in the office of the clerk of the district court on October 28, 1940 (the same being within four months after the last lienable item was furnished). 42 O. S. 1941 § 142.

There was also an existing mortgage against the property purporting to secure a debt in favor of one S. L. Chowning. The debt was evidenced by a promissory note for $1,250. However, according to the testimony Miles, who, with his wife as comaker, executed the note and the mortgage securing the same, was indebted to Chowning for only $600. There was an understanding between the parties that the note and mortgage in the excessive amount would be sold by Chowning to raise a fund to pay off the debt to himself and the surplus would be paid to or used for the benefit of Miles in paying off encumbrances against the property. The note and mortgage were executed on September 5, 1940, and the mortgage recorded on September 20, 1940. The note was never transferred.

When on October 17, 1940, the property was deeded to the Thomases, Chowning was aware of the transfer and the essential details connected therewith. He obtained from the grantees a new note and mortgage for the same amount, but representing the same actual debt. He did not, however, surrender the prior note and release the prior mortgage upon receipt from the Thomases of the similar instruments. In the action which subsequently followed he decided to assert his rights under the note and mortgage executed by the Mileses.

The rights of the parties in the property at the time of the transfer were ascertainable although the instruments executed are in some respests misleading.

On October 17, 1940, the Thomases became the owners of the property subject to the outstanding liens and encumbrances against the same; one in favor of Sears, Roebuck & Co. for $353.30 secured by a mechanics' and materialmen's lien; one in favor of S. L. Chowning for $600 secured by a mortgage on the premises; possible existing liens for past-due taxes and special assessments; another lien in favor of W. F. Miles, secured by a vendor's lien (42 O. S. 1941 § 26) for $1,750, less the aggregate amount of the other liens.

The Thomases, as to Miles, were entitled to satisfy the debts and claims against the property by consecutive monthly payments of $21 each.

As to the claim of Sears, Roebuck & Co., the Thomases could not assert a right to satisfy the same on a monthly

payment basis since Sears, Roebuck & Co. was not a party to the transaction whereby the Thomases acquired the property. However, they were entitled to expect Miles to pay that claim and receive reimbursement in monthly payments as a part of the purchase price.

The Thomases were also entitled to possession of the premises and to receive the rentals accruing therefrom or to use of the premises as owners.

Difficulty leading to litigation was provoked in this case by the failure of Miles to pay the claim of Sears, Roebuck & Co.

On the 10th day of July, 1941, that company commenced this action in the district court of Tulsa county, seeking a money judgment against Miles and his wife, foreclosure of the lien on the property which it alleged was owned by Miles when the lien was created, and an attorney's fee. The plaintiff filed a separate application for the appointment of a receiver which does not appear in the case-made. William F. Miles and Stannie Miles, his wife; Alvin Thomas and Edna Thomas, his wife; S. L. Chowning; Lewis C. Hutton and Annabelle Hutton, his wife, were named as defendants.

The Huttons answered, disclosing they were tenants of the Thomases and occupying the premises here involved. They sought no relief.

The next defendants to answer in point of time were the Mileses. In their answer they resisted the plaintiff's lien on the theory it was incorrect in amount, and they also resisted the application for the appointment of a receiver. In their answer they pleaded as though they were still the owners of the premises. Their answer contained an "admission" of present ownership and an offer to pay the rentals accruing from the property into court.

On August 14, 1941, the application for the receivership was stricken on agreement of the parties that $17.50 per month would be paid into court by the Thomases. Apparently the sum fixed represented the rental value of the property.

Thereafter, on August 25, 1941, the defendant Chowning filed an answer and cross-petition in which he relied upon the note and mortgage executed by Miles and wife as distinguished from the subsequent note and mortgage by the Thomases. He (Chowning) sought a decree of foreclosure to satisfy the actual debt of $600 as evidenced by the $1,250 note.

On the same date the Thomases filed their answer and cross-petition in which they denied knowledge of plaintiff's (Sears, Roebuck & Co.'s) claim and requested that strict proof thereof be required. They also sought to quiet title in themselves as against the other defendants, especially the claim of ownership made by Miles and his wife, and prayed for other appropriate equitable relief.

On September 26, 1941, the cause was tried to the court without the aid of a jury. When the cause was called for trial the plaintiff, Sears, Roebuck & Co., acknowledged payment in full of their claim and moved for dismissal of their cause of action. Plaintiff's cause of action was dismissed with prejudice.

Miles and his wife then asked and were refused leave to amend their pleading. Subsequently, during the trial, they renewed their request and excepted to the trial court's unfavorable ruling.

The court then proceeded with the trial for the purpose of determining the relative rights of parties in and connected with the property. The pleadings were not well drafted for the determination of those issues. This was especially true of the pleading filed by Miles and his wife, whose claim of ownership of the property was wholly untenable.

Upon the trial of the cause the evidence disclosed facts previously reviewed in this opinion.

At the conclusion of the trial the court entered judgment in favor of

Chowning and against Miles and his wife for the principal sum of $600, together with interest and attorney's fees, and decreed foreclosure of the mortgage and sale of the property of Thomas and his wife.

With the exception of the debt secured by the mortgage, Thomas and his wife were adjudged to be the owners of the property. The judgment thus barred Miles and his wife from any claim against or lien upon the property.

The theory of the trial court in this respect was that the Mileses had asserted but failed to prove ownership, and that they could not, under an allegation of ownership, assert a vendor's lien for the unpaid portion of the purchase price due them.

In our code liberal provisions are made for the amendment of pleadings, both before and after judgment. 12 O. S. 1941 §§ 311 and 312 authorize amendments in case of variance between the pleadings and the proof, and section 317, Id., confers general authority upon the court to conform the pleadings to the facts proved.

Amendments to pleadings are favored and courts should be liberal in their allowance (Oklahoma, K. & M. Ry. Co. v. Wilson, 84 Okla. 118, 202 P. 275), especially in instances, such as the case at bar, where the amendment is of such a nature that surprises to the adverse party cannot reasonably be expected to result from its allowance. The allowance of amendments to the pleadings rests within the sound judicial discretion of the trial court. Revard v. Py-Ah-Hun-Kah, 171 Okla. 304, 42 P. 2d 838, and the ruling of the trial court on the point should not be disturbed unless a clear abuse of discretion is involved. First National Bank of Okmulgee v. Gum, 146 Okla. 53, 293 P. 188.

The defendants, William F. Miles and Stannie J. Miles, in presenting this case on appeal, complain of the action of the trial court in refusing to permit them to amend their pleadings. Our examination of the proof disclosed by the record, the relative situation of the parties and the ultimate effect given the unamended pleading by the trial court (the effect of barring the Mileses from the assertion of a valuable property right) convinces us that an abuse of discretion was involved in the action of the trial court in refusing to permit an amendment. We so hold. Our holding on this point requires a reversal of the judgment and a retrial of the case.

It is pointed out by the defendants in error herein that the amendment of pleadings by the Mileses will necessitate that they, too, recast their pleadings. The defendants in error should, on the return of this cause to the trial court, be permitted to make such amendments as are necessary to the protection of their rights.

Reversed and remanded.

GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and ARNOLD, JJ., concur. CORN, C.J., concurs in conclusion.

---

CORN, C.J. (concurring in conclusion). I agree the cause must be reversed, but this being a cause involving equity principles, this court should render the judgment the trial court should have rendered.