DETWILER v. DUNCAN.

NoN. 32554. Sept. 30, 1947.

*185 P. 2d 200.*

190

Sid White, of Oklahoma City, for plaintiff in error.

R. H. Morgan, of Watonga, for defendant in error.

GIBSON, J. On March 19, 1945, defendant in error Duncan, as plaintiff, recovered judgment for money and foreclosure of mortgages on real estate and chattels given to secure the same against plaintiff in error Detwiler, defendant in the action. Motion therein for new trial was overruled on June 5th following, and no appeal was taken. On August 13, 1945, Detwiler, acting through counsel other than those appearing at the trial, filed in the cause motion to vacate said judgment upon the alleged ground that same was void for want of jurisdiction in the court to render the same. The motion was denied and this appeal is prosecuted.

The sole ground of the motion is that the judgment was foreign to and therefore without the issue involved in the action, and Whitehead v. Bunch et al., 134 Okla. 63, 272 P. 878, is relied on as supporting the contention. The action was one in ejectment to recover real estate and as supporting plaintiff's title thereto there was pleaded a deed executed by defendant as grantor to plaintiff as grantee. Defendant denied the execution of the deed and charged that plaintiff in an independent action had declared the alleged deed to be a mortgage. By the answer and plaintiff's reply thereto there were exhibited papers and records from which it appeared to the trial court that defendant was indebted to plaintiff and that the deed though absolute in form was in effect a mortgage which together with chattel mortgage was given to secure same. Upon the court indicating at close of the hearing that the deed was to be deemed a mortgage, plaintiff asked leave to amend according to the proof and demand foreclosure. To this defendant, by counsel, agreed. The court declaring that the rights of the parties were definite and could not be in sub-

stance altered by the language of the amendment declared same would be considered as made and awarded defendant possession of the land and plaintiff judgment for the indebtedness and foreclosure of the mortgage. The amendment was filed May 5, 1945, prior to hearing motion for new trial.

12 O.S. 1941 §317 provides:

"The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

In construing this action we have repeatedly declared, as in Miles et ux. v. Thomas et al., 194 Okla. 163, 147 P. 2d 774:

"Amendments to pleadings are favored and a trial court should be liberal in their allowance, especially when no element of surprise to the adverse party is involved."

The fact the original petition prayed for judgment at law in ejectment while the amended petition became the basis for a judgment in equity in foreclosure is by no means decisive. Our courts have the dual power of courts of law and of courts of equity and may afford whatever redress the facts pleaded may justify. Jupe v. Home Owners Loan Corp. et al., 196 Okla. 588, 167 P. 2d 46. It is the plaintiff's claim of right under the law upon the material facts rather than the character of the cause of action pleaded that is subject to the statutory bar. Ganas v. Tselos, 157 Okla. 107, 11 P. 2d 751; Z. J. Fort Produce Co. v. Southwestern Grain & Produce Co., 26 Okla. 13, 108 P. 386. One of the criteria that there has been no change in the claim is that the judgment rendered on the amended petition would be a bar to the prosecution of the action as pleaded in the original petition (49 C. J. 512-513, and cases cited). Conformable to this view we have held the plaintiff could not inject an action which rested upon a different state of facts. Brinson-Kirtley Lead & Zinc Co. v. Kirtley, 110 Okla. 227, 237 P. 457.

The facts pleaded by the parties in the instant case reflected a right to the relief granted by the court on basis of the amendment and the judgment was in effect an adjudication in denial of plaintiff's action in ejectment on the original petition. To authorize such amendment was clearly within the jurisdiction of the court, and since the record affirmatively reflects such jurisdiction there exists no basis for the motion. Collingsworth et al. v. Hutchison, 185 Okla. 101, 90 P. 2d 416; Morgan v. Karcher, 81 Okla. 210, 197 P. 433. In Whitehead v. Bunch et al., supra, relied on by defendant, the new issue arose on a crosspetition of defendant involving an issue not germane to plaintiff's action and to which plaintiff never appeared. There being nothing in common between that case and this, the holding there is not in point and needs no discussion.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, and CORN, JJ., concur.