**Orville HALL and Margaret B. Hall, his wife, Plaintiffs in Error,**

**v.**

**NORTH PLAINS CONCRETE SERVICE, INC., a corporation, Defendant in Error.**

**No. 40793.**

Supreme Court of Oklahoma.

Nov. 1, 1966.

Supplemental Opinion on Denial of Rehearing Feb. 28, 1967.

Keith Drum of Lansden, Drum & Goetziner, Beaver, for plaintiffs in error.

Miles & Miles, Robert H. Loofbourrow, Boise City, for defendant in error.

PER CURIAM.

Insofar as we deem the facts in this cause pertinent to this decision, there is no dispute between the parties. The parties will be referred to as they appeared in the trial court —North Plains Concrete Service, Inc., plaintiff, and Orville Hall and Margaret B. Hall, defendants.

North Plains Concrete Service, Inc., brought this action as original contractor to recover a judgment against the defendants, Orville Hall and Margaret B. Hall, and Jim Lewis, for the purchase price of concrete furnished for the re-erection of a barn by the defendant Lewis on some property owned by the defendants Hall, and to foreclose a materialman's lien on the premises in the amount of such judgment. The defendant Jim Lewis was not served with summons and made no appearance in the case, and no judgment was rendered with respect to him. The pleadings upon which the cause went to trial were the amended petition of the plaintiff and the answer of the defendants Hall.

In the amended petition the plaintiff alleged that on the 15th day of February, 1961, the defendants Hall, acting through Jim Lewis, their agent, contracted to purchase from the plaintiff and the plaintiff contracted to sell to said defendants ready-mixed concrete for the re-construction of a barn on premises owned by Orville Hall and Margaret B. Hall, his wife. Plaintiff, in accord with the agreement, furnished the material and the purchase price thereof, $812.43, remains unpaid. Material was last furnished on March 9, 1961, and the plaintiff, on April 13, 1961, within four months after the material was last furnished, filed its materialman's lien in the office of the Court Clerk of Beaver County, Oklahoma. A copy of the lien statement is attached to plaintiff's petition as an exhibit. Such exhibit and the attachments thereto show the amount claimed, the items thereof, and names Orville Hall as the owner, and Jim Lewis as the contractor, and describes the premises. Plaintiff prays judgment against all three defendants and asks the judgment be declared a lien upon the premises. The petition is verified.

The answer of the defendants Hall, among other things, specifically denies that Jim Lewis was acting as their agent in the purchase of the concrete and denies that the defendants Hall contracted with the plaintiff, and denies that the defendants Hall are

indebted to the plaintiff in any amount. This answer was not verified at the time the trial commenced.

At the trial the plaintiff introduced its evidence and rested. After the plaintiff had rested the defendants Hall interposed a demurrer to the evidence. During the course of the argument on this demurrer there came up the matter of the failure of the defendants Hall to verify their answer and the effect of such omission. Before ruling on the demurrer the trial court permitted the defendants Hall to amend their answer by adding a verification, and such verification was duly added. The court then overruled the demurrer and the trial proceeded. The defendants Hall introduced their evidence and at the close of the trial judgment was rendered in favor of the plaintiff against the defendants Hall for the amount prayed, together with attorney's fees and costs. This sum was declared a lien upon the property involved and the lien was directed to be foreclosed. Motion for new trial was filed by the defendants Hall and was overruled. In due time this cause was appealed to this court.

The evidence in this cause before the trial court reveals substantially as follows: Some time about the second week in January, 1961, Jim Lewis came to the office of the plaintiff and arranged with the plaintiff's employee, P. D. Gross, Jr., to buy some concrete, which he stated he was going to pour for Orville Hall on Mr. Hall's farm. Jim Lewis was known to Mr. Gross as a local contractor. Mr. Gross was not acquainted with the Halls. Subsequently, Mr. Lewis directed the delivery of the concrete and it was duly billed to Jim Lewis and delivered to and received by Jim Lewis on the Hall farm, where he was re-erecting a barn for the Halls. The quantity and price of the concrete was duly proven and the materialman's lien was duly shown to have been filed. At this point plaintiff rested and there ensued the above recited proceedings relative to amendment of defendants Halls' answer. The defendants Hall then testified that they had a contract with Jim Lewis to move the barn in question to their property and there to re-erect the barn, including the concrete portion thereof, for a fixed sum and that they had paid this sum to Jim Lewis. Other matters relative to a misdescription of the property of the Halls in the plaintiff's lien claim were considered but are unnecessary to be gone into in our view of this case.

■■ We turn first to the consideration of the amendment to defendants Halls' answer permitted by the court and the effect thereof. Under the terms of 12 O.S.1961, § 286, the allegations of agency in a verified petition shall be taken as true unless the denial thereof is verified. However, it is provided by 12 O.S.1961, § 317, that the court may, in furtherance of justice, permit the amendment of any pleadings if such amendment does not substantially change the claim or defense. In this case the amendment permitted did not make such change; the denial of defendants Halls' answer of the agency of Jim Lewis was specific—it lacked only the verification. In construing the statute cited this court has consistently held that amendments to pleadings are favored and a trial court should be liberal in the allowance of amendments, especially when no element of surprise to the adverse party is involved. Miles v. Thomas, 194 Okl. 163, 147 P.2d 774, and Detwiler v. Duncan, 199 Okl. 189, 185 P.2d 200. There was no element of surprise concerned in the verification of the defendants' answer and the trial court was clearly within its discretionary powers in permitting such amendment during the course of the trial.

■ However, in permitting the amendment, the trial court stated that in allowing the defendants to verify the answer during the progress of the trial the allegations of the petition regarding the appointment of the agent would still stand as admitted because defendants had not denied the allegations of agency at the time the case was called for trial. Thus the trial court allowed the amendment but ruled that it was ineffectual. By this ruling the trial court

was in error because the pleadings in this case must be considered as though they had been amended at all times involved in the trial by the addition of the verification to the answer of the defendants Hall.

■ The evidence in this case clearly discloses that the arrangement between the Halls and Jim Lewis was that Jim Lewis was to move the barn in question onto the Halls' property and there re-erect it, furnishing all materials in connection with its re-erection, including the concrete used, all for a fixed price. In furtherance of this agreement Mr. Lewis contacted the agent of the plaintiff and arranged to buy and subsequently did buy the concrete used in the re-erection of the barn on the Halls' property. Under these circumstances Mr. Lewis was the original contractor within the terms of the mechanic's liens statutes and the plaintiff was a sub-contractor under the terms of those statutes. Rogers v. Crane Co., 180 Okl. 139, 68 P.2d 520.

■■ No evidence whatsoever was submitted by either the plaintiff or the defendants Hall of any agency arrangement between the defendants Hall and Jim Lewis. The mere existence of a contract between a landowner and one whom he has contract with to make improvements on his land in nowise establishes agency. Gentry-Bowers Lumber Co. v. Hamill, 75 Okl. 210, 182 P. 687; Holmes v. Dolese Bros. Co., 117 Okl. 298, 246 P. 372. Jim Lewis was not the agent of Mr. and Mrs. Hall and the transactions between Mr. Lewis and the plaintiff's agent show no contract between the plaintiff and Mr. and Mrs. Hall.

■ The plaintiff brought this action squarely on the basis that it was an original contractor within the mechanic's lien laws and made no endeavor to claim a lien as a sub-contractor, or to show compliance with the law respecting liens of sub-contractors. This plaintiff had a contract only with Jim Lewis, the original contractor, it had no contract with the landowners, Mr. and Mrs.

Hall. It had no lien against the property of the Halls by virtue of 42 O.S.1961, §§ 141 and 142, under which this claim to judgment and lien is asserted. Plaintiff, no doubt, had it taken proper proceedings, would have been entitled to a lien under 42 O.S.1961, § 143. However, no such right is asserted in this case, nor is there proof of compliance with Section 143. The situation presented by the case is squarely within the holdings of this court in Gentry-Bowers Lumber Co. v. Hamill, supra, and Holmes v. Dolese Bros. Co., supra.

For the reasons stated herein the judgment of the trial court is vacated, and the cause is reversed with directions to enter judgment in favor of the defendants Hall, finding no sum due from them to the plaintiff and finding that the plaintiff has no lien upon their property involved in this cause.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, IRWIN, and BERRY, JJ., concur.

BLACKBIRD and HODGES, JJ., dissent.

The court acknowledges the services of JULIAN B. FITE, who with the aid and counsel of FORRESTER BREWSTER and JOE R. BOATMAN, as Special Masters, prepared a preliminary and advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the court. The CHIEF JUSTICE then assigned the case to DAVISON, J., for review and study, after which and upon consideration by the court, the foregoing opinion was adopted.

## SUPPLEMENTAL OPINION ON REHEARING

WILLIAMS, Justice.

In its petition for rehearing filed herein, defendant in error requests this Court to re-

mand the cause to the lower court for new trial rather than reversing the decision of the trial court and rendering judgment in favor of plaintiffs in error. The basis of this request is that due to the trial court's holding that verification by plaintiffs in error of their answer at time of trial was ineffectual, there was no necessity for defendant in error to present evidence relating to the question of whether Jim Lewis was acting as the agent of the Halls. If a new trial were granted, defendant in error contends that it would be afforded an opportunity to submit evidence relating to the agency of Lewis.

However, in view of the evidence submitted at trial, as stated in the body of our opinion herein, we do not believe that defendant in error is entitled to a new trial.

The evidence clearly establishes that defendant in error filed its lien herein as a contractor pursuant to the provisions of 42 O.S.1961, §§ 141, 142. It made no attempt to file a subcontractor's lien and give the required notice to the Halls, pursuant to the provisions of 42 O.S.1961, § 143. Thus, for the defendant in error to prevail in an action to foreclose the lien as filed, it must establish either that the contract was made directly with the Halls or that such contract was entered into with Lewis, whose agency for the Halls can be established.

A Mr. Gross, an employee of the defendant in error, testified at trial that the agreement to furnish concrete was made with Lewis; that Lewis was known to him as a local contractor; that he (Gross) was not acquainted with the Halls; that Lewis directed the delivery of the concrete; and that the price of the concrete was billed to Lewis. The Halls testified that their contract for the re-erection of the barn, including the concrete portion thereof, was with Lewis and for a fixed sum. They produced cancelled checks to show they had made full payment of that sum to Lewis.

From this evidence, it is our opinion that the agreement to furnish concrete was entered into by defendant in error with Lewis in his capacity as a contractor.

For these reasons, the petition for rehearing is denied.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON and BERRY, JJ., concur.

BLACKBIRD and HODGES, JJ., dissent.